IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEWAYNE LEATHERBERRY**                                                **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 5:18-CV-18-KS-MTP**

**AMERICAN MEDICAL RESPONSE, INC.**                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant's Motion for Summary Judgment [17]. The Court will enter a separate final judgment.

### I. BACKGROUND

On August 2, 2016, Mrs. Ester Thomas was injured in an automobile accident in Port Gibson, Mississippi. At the time of the accident, Defendant was under contract to provide one ambulance and crew to serve Claiborne County. Approximately twenty minutes before Mrs. Thomas's accident, Defendant received a call to transfer a patient from Claiborne Senior Care to Claiborne County Hospital. Therefore, when Defendant received the call regarding Mrs. Thomas's accident at 12:02 p.m., its Claiborne County ambulance was already responding to a prior call and unavailable. At 12:03 p.m., Defendant dispatched its closest available ambulance from Natchez, Mississippi. The Natchez ambulance arrived at the scene of Mrs. Thomas's accident at 12:38 p.m., but Mrs. Thomas had already died from her injuries.

Plaintiff, Mrs. Thomas's heir, filed this suit in the Circuit Court of Claiborne County, Mississippi. He alleged claims of negligence and gross negligence. Among

other things, Plaintiff contends that Defendant failed to operate within the standard of care applicable to medical transportation services, failed to properly execute the first responder systems pursuant to Mississippi law, failed to determine proper staffing requirements, and failed to properly train or select its employees. He seeks compensatory damages of $10,000,000.00 and punitive damages of $20,000,000.00.

Defendant removed the case and filed a Motion for Summary Judgment [17], which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the

evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Defendant argues that Plaintiff cannot meet his burden of proof because he has no admissible expert testimony regarding the applicable standard of care, whether Defendant breached it, and whether Defendant's alleged breach caused Mrs. Thomas's death. In response, Plaintiff contends that he is not required to produce expert testimony because this is a "contractual negligence" case, rather than a medical malpractice case.

Plaintiff cited no Mississippi case law addressing a claim of "contractual negligence." In fact, the Court's own research reveals that the phrase itself only appears twice in the combined body of case law produced by the Mississippi Supreme Court, Mississippi Court of Appeals, and Mississippi's United States District Courts – and never in the context intended by Plaintiff. Therefore, the Court concludes that there is no such cause of action under Mississippi law.

Therefore, the Court must determine what type of claim Plaintiff asserted.

3

"Whether the patient brings an action in tort, in contract, or in both depends on the nature of the damages sought. If the damages are for personal injuries, the action is one sounding in tort; however, if the damages are intended to give the injured parties the benefit of their bargain, the action is one in contract." *Norman v. Anderson Regional Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019). The Court "must look at the action as a whole to determine if it sounds in tort or in contract." *Id.* at 528.

Plaintiff asserted five Counts in his Complaint, and none of them are for breach of contract. Exhibit A to Notice of Removal at 5-9, *Leatherberry v. Am. Med. Response, Inc.*, No. 5:18-CV-18-KS-MTP (S.D. Miss. Feb. 13, 2018), ECF No. 1-2. Three of them are specifically labeled as negligence claims, while two are demands for particular types of damages. *Id.* Plaintiff alleged that Defendant committed numerous negligent acts or omissions, including failure to "operate in accordance with prevailing industry standards of quality and care applicable to medical transportation services as indicated in" its agreement with Claiborne County;[1] "failure to properly deploy EMS to serve Ms. Ester Thomas . . . ;"[2] and failure "to develop, implement, and/or enforce a reasonable and prudent medical service program . . . ,"[3] among others. In fact, Plaintiff specifically pleaded that the case "arises out of the negligent acts and omissions of Defendant . . . ." *Id.* at 4. Therefore, the Court concludes that Plaintiff's claims sound in tort, rather than in contract.[4]

---

[1] *Id.* at 5.
[2] *Id.* at 6.
[3] *Id.* at 7.
[4] *See Dees v. Am. Med. Response*, No. 3:08-CV-265-HTW-LRA, 2010 WL 606454, at *1 (S.D. Miss.

The Mississippi Supreme Court has summarized the burden plaintiffs must meet in medical negligence cases:

> To establish a *prima facie* case of medical malpractice under Mississippi law, a plaintiff must prove by a preponderance of the evidence (1) the applicable standard of care; (2) a failure to conform to the required standard; and (3) an injury proximately caused by a defendant's noncompliance with the standard. As a rule, a plaintiff must demonstrate each of these elements through medical-expert testimony, and the expert must articulate and identify the standard of care that was breached and establish that the breach was the proximate cause or the proximate contributing cause of the alleged injuries.

*Norman*, 262 So. 3d at 523-24 (citations omitted). Therefore, to succeed on a medical negligence claim, a plaintiff must present expert testimony establishing the applicable standard of care, that the defendant breached it, and that the breach caused the injury. *See, e.g. Patton*, 330 F. App'x at 64-65; *Terry v. Clinton Health & Rehab Ctr.*, 170 F. Supp. 2d 686, 688 (S.D. Miss. 2000); *McMichael v. Howell*, 919 So. 2d 18, 24 (Miss. 2005).

Plaintiff has not provided any expert testimony to support his claims. Although Plaintiff designated an expert, the designation is deficient. Plaintiff provided neither an expert report nor a summary of the proposed expert's facts and opinions. *See* FED. R. CIV. P. 26(a)(2)(B)-(C). Although Plaintiff was required to make and, as necessary, supplement his disclosures, FED. R. CIV. P. 26(a)(2), (e), Plaintiff has not sought leave

---

Feb. 17, 2010) (analyzing claim that ambulance service caused death by not responding quickly enough as tort claim); *Patton v. Mobile Medic Ambulance Serv., Inc.*, No. 3:07-CV-653-DPJ-JCS, 2009 WL 44206, at *1-2 (S.D. Miss. Jan. 6, 2009) (where plaintiff claimed ambulance service negligently provided services and caused death, court analyzed as tort claim), *aff'd* 330 F. App'x 64 (5th Cir. 2009).

5

to cure the deficiency. Regardless, the discovery deadline has expired, the pretrial conference is less than a month away, and there is no time for Plaintiff to cure the deficiency. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (providing factors to consider when a party fails to properly designate an expert). Without expert testimony, Plaintiff cannot meet his burden of proof in this case, and Defendant's motion for summary judgment must be granted.

Plaintiff argues that the "layman's exception" applies, and he presented affidavits from lay witnesses. The layman's exception provides "that expert medical testimony is unnecessary in 'instances where a layman can observe and understand the negligence as a matter of common sense and practical experience.'" *Jackson HMA, LLC v. Harris*, 242 So. 3d 1, 6 (Miss. 2018) (quoting *Erby v. N. Miss. Med. Ctr.*, 654 So. 2d 495, 500 (Miss. 1995)). The Mississippi Supreme Court has "applied the layman's exception in cases involving foreign objects left inside patients or where patients were given the wrong medication." *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 653 (Miss. 2009). However, matters outside the common knowledge of laymen, such as diagnosing symptoms, *id.* at 653-54, or exercising medical judgment in emergency situations, *Patton*, 2009 WL 44206 at *3, must be established by expert testimony.

The issues presented in this case – the standard of care applicable to ambulance services, whether Defendant breached that standard, and whether the alleged breach caused Mrs. Thomas's death – are outside the scope of the layman's

6

exception. In fact, this Court and the Fifth Circuit have specifically found that expert testimony was required to support a negligence claim against an ambulance service for an alleged delayed response. *Patton*, 330 F. App'x at 65; *Dees*, 2010 WL 606454 at *1; *Patton*, 2009 WL 44206 at *4. The layman's exception does not apply here, and Plaintiff's affidavits from lay witnesses do not satisfy his burden of proof.

Plaintiff also attempted to recast his claims as sounding in contract, rather than tort. Mississippi's federal and state courts have consistently rejected such arguments.[5] "The court cannot allow the plaintiff to characterize obvious negligence claims as a purely contractual dispute." *Glass*, 2007 WL 837241 at *2. Regardless, Plaintiff would still need expert testimony to prove that Defendant's alleged breach of contract caused Mrs. Thomas's death. *Norman*, 262 So. 3d at 528. Moreover, Defendant's contract was with Claiborne County, and Plaintiff has not demonstrated that he has standing to assert a claim for breach of a contract to which he was not a party.

## IV. CONCLUSION

For these reasons, the Court **grants** Defendant's Motion for Summary Judgment [17]. Without admissible expert testimony, Plaintiff cannot meet his burden of proof. The Court will enter a separate final judgment.

SO ORDERED AND ADJUDGED this __18th__ day of March, 2019.

---

[5] *See, e.g. Smith v. James*, No. 3:09-CV-97-HTW-LRA, 2010 WL 1633532, at *3 (S.D. Miss. Apr. 21, 2010); *Dees*, 2010 WL 606454 at *1; *Glass v. Beverly Enters., Inc.*, No. 3:05-CV-145-B-A, 2007 WL 837241, at *2 (N.D. Miss. Mar. 15, 2007), *aff'd* 289 F. App'x 33 (5th Cir. 2008); *Norman*, 262 So. 3d at 528; *McMichael*, 919 So. 2d at 23.

7

                /s/   Keith Starrett
                KEITH STARRETT
          UNITED STATES DISTRICT JUDGE